T.C. Summary Opinion 2009-167


UNITED STATES TAX COURT


ADAM SANCHEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11162-08S.                   Filed November 12, 2009.


Adam Sanchez, pro se.

<u>Brook R. Barrow</u>, for respondent.


WHERRY, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the

decision to be entered is not reviewable by any other court, and

this opinion shall not be treated as precedent for any other

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

case.  Petitioner petitioned the Court to redetermine a deficiency for his 2006 tax year.  The issues for decision are whether petitioner is entitled to a dependency exemption deduction and a child tax credit for 2006.

## Background

The parties submitted this case to the Court fully stipulated pursuant to Rule 122.  The stipulated facts and accompanying exhibits are incorporated herein by this reference.  Petitioner resided in Texas when he filed his petition.

Petitioner and his former spouse are co-conservators of their two minor children, ALS and AJS.  An Order In Suit To Modify Parent-Child Relationship, issued by the 37th Judicial District Court, Bexar County, Texas, and dated September 13, 2006, provides in pertinent part that petitioner "shall have the right in accordance with section 152(e)(2) of the Internal Revenue Code, to claim the dependency exemption for * * * [ALS] for the purpose of federal income taxes for 2006 and other subsequent calendar years."  Petitioner claimed a $3,300 dependency exemption deduction and a $1,000 child tax credit for ALS on his 2006 Form 1040, U.S. Individual Income Tax Return.  Petitioner's former spouse, on her 2006 Form 1040A, U.S. Individual Income Tax Return, also claimed a dependency exemption deduction for ALS for the 2006 tax year.

On February 11, 2008, respondent issued petitioner a notice of deficiency with respect to petitioner's 2006 tax year, disallowing his claimed dependency exemption deduction and child tax credit. As a result, respondent determined a $1,825 Federal income tax deficiency. Petitioner, on May 12, 2008, timely petitioned this Court.

## Discussion

### I. Burden of Proof

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not established that he meets the requirements under section 7491(a)(1) and (2) for such a shift.

### II. Dependency Exemption Deductions

Section 151(a) and (c) allows a taxpayer to claim an exemption deduction for each of the taxpayer's dependents as

defined in section 152. Section 152(a)(1) and (c) defines "dependent", in pertinent part, as a "qualifying child", which includes a son or daughter of the taxpayer who has not provided over one-half of his or her own support. "[S]upport" is defined as including "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In the case of a child of divorced parents, if the child receives over half of its support from its parents who are divorced under a decree of divorce, and the child is in the custody of one or both of its parents for more than one-half of the taxable year, then the child will be treated as the qualifying child of the parent having custody for the greater portion of the calendar year (the custodial parent). Sec. 152(e)(1).

The noncustodial parent is nevertheless entitled to claim the dependency exemption deduction for a given tax year if, and only if, one of three exceptions in section 152(e) applies. One of the exceptions is if "the custodial parent signs a written declaration" that the custodial parent will not claim the child as a dependent for that tax year. Sec. 152(e)(2)(A). The noncustodial parent must also attach the written declaration to his or her Federal income tax return for that tax year. Sec. 152(e)(2)(B); see Presley v. Commissioner, T.C. Memo. 1996-553.

The written declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332. Miller v. Commissioner, 114 T.C. 184, 189 (2000); see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

We conclude that petitioner is not entitled to a dependency exemption deduction for ALS for his 2006 tax year. First, petitioner has not proved that he was the custodial parent of ALS in 2006. He did not provide any evidence, or even argue, that he was the custodial parent. Moreover, the Order In Suit To Modify Parent-Child Relationship indicates that for at least part of 2006 ALS resided with her mother in Arizona rather than with her father in Texas. Second, petitioner did not satisfy the exception provided in section 152(e)(2) because he did not attach a Form 8332 or other equivalent written declaration to his 2006 Form 1040 in accordance with that provision.[2] Therefore,

---

[2]We acknowledge that the Sept. 13, 2006, Order In Suit To Modify Parent-Child Relationship granted petitioner the right to claim a dependency exemption deduction for ALS for 2006. However, a State court cannot determine issues of Federal law. See Miller v. Commissioner, 114 T.C. 184, 196 (2000). To properly claim the dependency exemption deduction, petitioner needed to satisfy the requirements of sec. 152, which he could have done by attaching a signed Form 8332 to his 2006 Form 1040. If his former spouse refused to sign and provide the required Form 8332 in time for him to file his 2006 Federal income tax

(continued...)

petitioner is not entitled to claim a dependency exemption deduction for ALS for 2006 because ALS was not his qualifying child as that term is defined in section 152(c).

III. <u>Child Tax Credit</u>

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. A "qualifying child" means an individual who meets the requirements of section 152(c) and who has not attained the age of 17. Sec. 24(c)(1). Because we have concluded that ALS is not petitioner's qualifying child as defined by section 152(c) for 2006, she does not fit within the meaning of "qualifying child" as defined by section 24(c). Accordingly, petitioner is not entitled to a child tax credit for ALS for 2006.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.

---

[2](...continued)
return, petitioner's recourse was to the State courts to have them enforce the Texas State court order. This Court does not have the jurisdictional power to do so.